IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES ANDERSON, on behalf of
himself and all others
similarly situated,

    Plaintiffs,

v.                                         Civil Action No. 3:04CV42
                                                              (STAMP)

PENN NATIONAL GAMING, INC. and
PNGI CHARLES TOWN GAMING, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR
AWARD OF ATTORNEY'S FEES AND COSTS**

I.   Procedural History

This Court has granted plaintiff James Anderson's motion for partial summary judgment on his claims pursuant to the Fair Labor Standards Act ("FLSA"). Pursuant to this Court's ruling, the only issue remaining for trial was a determination of damages. Following that ruling, the parties stipulated to an amount of damages with regard to Mr. Anderson, and the trial in this matter was vacated. Thereafter, the plaintiff moved to certify his case as a collective action, and this Court granted the plaintiff's motion. Because class certification was appropriate in this action under the FLSA, this Court deferred ruling on an award of attorney's fees until all proceedings were concluded. The parties have now reached an agreement for the entry of final judgment in

this case. Accordingly, the plaintiffs' fully briefed motion for an award of attorney's fees and costs is ripe for review.

II. Applicable Law

A prevailing plaintiff on a claim pursuant to the Fair Labor Standards Act ("FLSA") is entitled to an award of attorney's fees and costs. 29 U.S.C. § 216(b). In awarding attorney's fees and costs, it is the duty of a district court to determine what fees and costs are reasonable. See Hensley v. Eckerhart, 461 U.S. 424 (1983). The United States Court of Appeals for the Fourth Circuit has held that courts must consider and discuss twelve factors as set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974) to determine reasonableness. EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990)(citing Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978)). "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." Id. (citing Blum v. Stenson, 465 U.S. 886 (1984)). The factors for determining a reasonable rate and reasonable hours are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of

the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. (citing Barber, 577 F.3d at 266 n.28).

Reasonable attorney's fees in federal civil actions should be calculated "according to prevailing market rates in the relevant community" at the time the services were rendered. Blum, 465 U.S. at 895; Trimper v. City of Norfolk, Va., 58 F.3d 68, 73 (4th Cir. 1995). A district court has discretion in determining the appropriate amount of a fee award. Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986)(citing Hensley, 461 U.S. at 442.

### III. Discussion

The plaintiffs request an award of $49,158.40 in attorney's fees and $2,532.90 in costs. The itemized statement filed by plaintiffs' counsel details that 247.04 hours in attorney and paralegal time was expended on behalf of the plaintiffs in this case at an hourly rate of $225.00 for counsel and $65.00 for paralegal services. The defendant does not dispute that the plaintiffs are entitled to attorney's fees and costs under the FLSA. The defendant also does not dispute that 247.04 hours represents a reasonable amount of time for the work performed in this case. Rather, the defendant argues that the $225.00 hourly rate charged by plaintiffs' counsel is excessive.[1] The defendant

---

[1] According to the statement provided by the plaintiffs, this case consumed 206.88 hours of attorney time and 40.16 hours of

argues that plaintiffs' counsel should not be compensated for his representation in this matter at a rate greater than $175.00 per hour.

Following careful consideration of the twelve factors set forth in Johnson v. Georgia Highway Express, this Court concludes that $225.00 is a reasonable hourly rate for the services of plaintiffs' counsel in this case. First, the defendant has not objected to the 247.04 hours expended by plaintiffs' counsel and there is no indication that the time spent was extraordinary in light of the nature of the work performed. Second, this civil action involved novel and complex issues regarding the application of the FLSA and the West Virginia Wage Payment and Collection Act ("WPCA"). The issues presented regarding the offset defense were not clear cut and were a matter of first impression for this Court. Further, because the United States Court of Appeals for the Fourth Circuit had not addressed the offset defense as raised in this action, counsel had to look to other circuits for guidance. Third, the level of skill required to frame and brief the issues in a case of this type was undoubtedly substantial and called for the services of an attorney experienced in the specialty area of wage and hour law. Fourth, this Court has received no information regarding the preclusion of other employment opportunities for the

---

paralegal time for a total of 247.04 hours of professional time. The defendant does not object to the paralegal time or to the paralegal rate of $65.00 per hour.

plaintiffs' attorney due to the attorney's acceptance of this case. Thus, the fourth factor neither supports nor contradicts a finding that an hourly rate of $225.00 is reasonable in this case.

As to the fifth factor, regarding what fee is customary, the plaintiffs call this Court's attention to the "Laffey Matrix" which is prepared by the United States Attorney's Office for the District of Columbia to be used in cases in which a fee shifting statute permits the prevailing party to recover reasonable attorney's fees. This matrix is based on the hourly rates allowed by the District Court in <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F. Supp. 354 (D.D.C. 1983), <u>aff'd in part, rev'd in part on other grounds</u>, 746 F.2d 4 (D.C. Cir. 1984), <u>cert. denied</u>, 472 U.S. 1021 (1985), and is updated yearly based on the cost of living for the Washington, D.C. area. According to the most recently updated Laffey Matrix, a reasonable hourly rate for plaintiffs' counsel in a case of this type at the time this case was commenced is $390.00. <u>Laffey Matrix 2003-2008</u>, http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html. Although the prevailing market rate in Washington, D.C. is undoubtedly higher than that in the Northern District of West Virginia, the close proximity of Martinsburg, West Virginia to the District of Columbia metropolitan area and the attendant higher cost of living justifies an hourly rate of $225.00.

The sixth and seventh factors, regarding the attorney's expectations and any time limitations imposed by the client or the circumstances, are of little relevance here. Additionally, neither the plaintiffs nor the defendant have made any showing that these two factors would influence this Court's determination of a reasonable fee in this case.

The eighth and ninth factors weigh in favor of the plaintiffs' calculation of a reasonable fee. Plaintiffs' counsel states in his reply brief that he has twenty-plus years of experience in employment litigation. Moreover, counsel's expertise in employment matters helped to secure a favorable result for his clients in this case.

As to the tenth and eleventh factors, no evidence has been presented regarding the undesirability of this case or of the nature and length of the plaintiffs' attorney's professional relationship with his clients. Because no showing has been made on these points, they do not affect the determination of a reasonable fee.

Finally, the twelfth factor requires that this Court examine awards in similar cases. The defendant argues that an hourly rate of $225.00 is excessive because in <u>United States ex rel. Werner v. Fuentez Systems Concepts, Inc.</u>, Civil Action No. 3:00CV95 (N.D. W. Va.), United States Magistrate Judge James E. Seibert issued an order awarding attorney's fees to the defendants in which he stated

6

that $150.00 per hour is the "prevailing market rate in the Northern District of West Virginia." The Werner case is distinguishable from this case, however, because the magistrate judge awarded attorney's fees for work performed on a discovery dispute. Unlike the Werner case, the litigation of this case involved novel issues of law arising under the FLSA. Although $150.00 per hour may be a reasonable hourly rate for a simple discovery dispute, it is not necessarily a reasonable hourly rate for a complex FLSA and WPCA collective action. In light of the challenging nature of the questions presented in this case and the time and labor demanded by this matter, a higher hourly rate than that charged for discovery work is supported.

The plaintiffs contend that $225.00 per hour is a customary fee for the type of services provided in this case. In support, the plaintiffs cite this Court's decision in Bouzahar v. CNA Group Life Assurance Co., et. al., Civil Action No. 3:04CV52. In Bouzahar, United States District Court Judge W. Craig Broadwater awarded attorney's fees to the prevailing plaintiff in an ERISA case at an hourly rate of $300.00. (Civil Action No. 3:04CV52, Doc. No. 40.) Because Bouzahar involved an employment dispute arising under federal law, the plaintiffs argue that the award in that case is an indication of a reasonable fee here. Additionally, the plaintiffs argue that an hourly rate of $225.00 is consistent with awards in recent FLSA cases in other jurisdictions. See,

e.g., Graves v. Officemax, Inc., 2007 WL 576472, *4 (D. Idaho Feb. 21, 2007)($225.00 per hour reasonable); Richards v. Home Systems, Inc., 2007 WL 470451, *2 (M.D. Fla. Feb. 13, 2007)($225.00 per hour reasonable); Stokes v. Norwich Taxi, LLC, 2006 WL 3690925 (Conn. Super. Nov. 15, 2006)($225.00 per hour reasonable); Bragg v. Swanson, 2005 WL 1806455 (S.D. W. Va. July 28, 2005)($250.00 per hour reasonable).

This Court agrees that $225.00 is a reasonable hourly rate in this case. This determination takes into account all of the applicable factors as set forth in Johnson v. Georgia Highway Express.

As to an award of costs, the plaintiffs seek reimbursement for in-house copying costs at the rate of 35¢ per page. The defendant objects to the 35¢ per page photocopy charge and contends that 10¢ per page is a more reasonable charge. This Court finds that 35¢ per page for in-house photocopies is a reasonable charge. As noted by the plaintiffs, the Circuit Clerks in West Virginia charge 50¢ per page for copying, W. Va. Code § 59-1-11(b)(2), as does the Clerk of this Court.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion for award of attorney's fees and costs is GRANTED. The defendant is ORDERED to pay the plaintiffs' attorney's fees in amount of $49,158.40 and costs in the amount of $2,532.90.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 18, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE