IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES ANDERSON, on behalf
of himself and all others
similarly situated,

    Plaintiffs,

v.                                      Civil Action No. 3:04CV42
                                                      (STAMP)
PENN NATIONAL GAMING, INC. and
PNGI CHARLES TOWN GAMING, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF
LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT**

I.   Background

On March 22, 2007, this Court held a status and scheduling conference in the above-styled civil action to discuss the proposed agreed final judgment order as submitted by the parties. During the conference, a question was raised regarding whether PNGI Charles Town Gaming has a "good faith" defense to an award of liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"). This Court declined to rule on the issue prior to granting class certification because plaintiff James Anderson was entitled to liquidated damages pursuant to the Wage Payment and Collection Act ("WPCA"), under which there is no good faith defense to liquidated damages, rather than the FLSA. However, because this case has since been certified as a collective action, the issue is relevant as to some of the individuals who have opted-in to the

collective action. Accordingly, this Court established a briefing schedule on the issue. The plaintiffs filed a timely motion in support of a liquidated damages award under the FLSA for opt-in plaintiffs still employed by the defendant. The defendant filed a timely response in opposition.

## II. Applicable Law

The criteria for awarding liquidated damages under the FLSA and the WPCA are different. A prevailing plaintiff in an FLSA action is entitled to an award of liquidated damages unless the defendant employer proves that it acted in good faith. 29 U.S.C. § 260. On the other hand, under the WPCA, liquidated damages are only available to a prevailing plaintiff when his former employer fails to pay him all the wages he is owed within a specified time after his separation from employment. W. Va. Code § 21-5-4(e). Unlike the FLSA, there is no good faith defense under the WPCA. Farly v. Zapata Coal Corp., 281 S.E.2d 238, Syl. Pt. 3 (W. Va. 1981).

The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of Section 6 or Section 7 of the Act. Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997). Under the FLSA, liquidated damages are considered "compensatory rather than punitive in nature, and constitute compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages."

Roy v. County of Lexington, South Carolina, 141 F.3d 533, 548 (4th Cir. 1998)  Nonetheless, the FLSA permits a trial court in its sound discretion to refuse or reduce an award of liquidated damages as required by Section 216 of the Act where it is satisfied that (1) "the employer's failure to comply was in good faith," and (2) "the employer had reasonable grounds for believing that his act or omission was not violative of the Act." Van Dyke v. Bluefield Gas Co., 210 F.2d 620, 622 (4th Cir 1954); see also 29 U.S.C. § 260. In order to benefit from the application of the good faith defense, the employer must meet a "plain and substantial burden" of proving both prongs of the exception.  Mayhew, 125 F.3d at 220.

### III. Discussion

In a memorandum opinion and order dated August 15, 2006, this Court determined that Mr. Anderson was entitled to an award of liquidated damages under the WPCA.  Therefore, this Court declined to reach the issue of good faith of the defendant because the good faith defense is relevant only as to liquidated damages awards under the FLSA.  Following the certification of this case as a collective action, notices were sent to putative class members.  Of the fifty-four (54) persons who elected to opt-in, eighteen (18) are current employees of the defendant.  Current employees are not eligible for liquidated damages under the WPCA.  See W. Va. Code § 21-5-4(e).  However, current employees are eligible for liquidated damages under the FLSA unless the defendant proves that

3

the good faith defense should apply.  Therefore, the issue of whether the defendant acted in good faith is now mature for decision by the Court.

In order to avoid an award of liquidated damages under the FLSA or to be subject to only a reduced award, the defendant employer must satisfy this Court that it acted with objective good faith and reasonableness.  <u>Mayhew</u>, 125 F.3d at 220 (citing <u>Clifton D. Mayhew, Inc. v. Wirtz</u>, 413 F.2d 658, 661-62 (4th Cir. 1969)(holding that the good faith prong requires an objective, not subjective, good faith)).

This Court is satisfied that the defendant has met the objective reasonableness prong of the good faith defense inquiry. The defendant's belief that meal breaks were non-compensable time and that, by extending meal breaks, it could offset the time spent in roll-calls was objectively reasonable. No direct authority from the United States Supreme Court or from the United States Court of Appeals for the Fourth Circuit existed to contradict the defendant's position.  Although this Court determined that the defendant's practice was ultimately in violation of the FLSA, the defendant put forward well-reasoned, sound legal arguments to justify its payment plan.  See <u>Roy</u>, 141 F.3d at 548 (4th Cir. 1998)(finding that employer's "well-reasoned, sound legal arguments" demonstrated reasonableness and good faith). Contrary to the plaintiffs' contention, the defendant was not required to

seek legal advice or guidance from the government prior to implementing its practice of offsetting pre-shift roll call time with meal break time. "Although an employer 'may not simply remain blissfully ignorant of FLSA requirements,' it need not seek an opinion letter to avoid paying liquidated damages later." Id. at 549 (citing Burnley v. Short, 730 F.2d 136, 140 (4th Cir. 1984)).

Nonetheless, the defendant has failed to make the requisite showing of objective good faith to permit this Court to refuse an award of liquidated damages. "'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." Reich v. Southern New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997).

In its response to the plaintiffs' motion for liquidated damages under the FLSA for opt-in plaintiffs still employed by the defendant, the defendant employer makes various arguments in support of its assertion that it acted in good faith. First, the defendant argues that its conduct was not willful for the purposes of the applicable statute of limitations. The FLSA provides a two year statute of limitations for violations of the Act. 29 U.S.C. § 255. The two year period can be extended to three years, however, if it is shown that the employer committed a "willful violation." Id. In Roy v. County of Lexington, 141 F.3d 533 (4th

Cir. 1998), the court credited the district court's finding that the employer's conduct was not willful for purposes of extending the statute of limitations as evidence of good faith. The defendant argues that in this case, the absence of a pleading of "willful violation" by the plaintiffs tacitly suggests at least the absence of bad faith, if not the presence of good faith. This argument is inapposite. There was no need for the named plaintiff to seek to expand the time for his cause of action to three years because he only worked as a security guard for the defendant for approximately 13 months. Additionally, the parties agreed that the FLSA collective action in this case would consist of all persons who were employed by the defendant as a Guest Safety Officer ("GSO") at Charles Town Races and Slots at any time from September 16, 2002 to August 23, 2003. Because this civil action was commenced on February 27, 2004, it was unnecessary for the plaintiffs to seek an extension of the statute of limitations. Thus, the fact that the plaintiffs have not pleaded or argued willfulness for the purposes of the statute of limitations is not evidence of the defendant's good faith.

Second, the defendant argues that, subjectively, it believed that it was overpaying the GSOs by compensating them for meal breaks. The defendant contends that it believed that it was paying the GSOs for 8 hours of work a day although the GSOs performed only 7 hours and 35 minutes of compensable work. This argument is also

unpersuasive because the standard for determining good faith is objective rather than subjective. See Mayhew, 125 F.3d at 220. The appropriate inquiry is not whether the defendant subjectively believed that it was in compliance with the FLSA but whether the defendant's belief was, objectively, in good faith.

The defendant's final argument as to the good faith prong is that when the defendant instituted the pre-shift roll call requirement, it attempted to ensure proper compensation of its employees by extending meal breaks from 30 to 40 minutes. The fact that the defendant took a proactive measure in an attempt to ensure proper compensation of the plaintiff GSOs is some evidence of good faith. See Thomas v. County of Fairfax, 758 F. Supp. 353, 368 (E.D. Va. 1991)(finding that an "effort to avoid an FLSA violation" was some evidence of good faith).

Nonetheless, this Court does not believe that the ten minute extension of meal breaks is determinative of objective good faith. If the defendant was attempting to off-set the time GSOs spent in pre-shift roll call with meal break time, objective good faith would seem to require that the defendant keep a record of the amount of time the GSOs spent in pre-shift roll call each day and the amount of time the GSOs spent in meal breaks each day to assure that an off-set was being accomplished. Indeed, the FLSA requires that employers maintain accurate time records, "which includes the '[h]ours worked each workday,' 29 C.F.R. § 516.2(a)(7), and

7

supplementary records, which include the 'daily starting and stopping time of individual employees.' 29 C.F.R. § 516.6(a)(1)." Williams v. Tri-County Growers, Inc., 747 F.2d 121, 127 (3d Cir. 1984). In this case, GSOs were not permitted to clock in for work until after roll call, thus creating inaccurate records of the actual amount of time worked each day. It is difficult to imagine how the defendant intended to ensure that the plaintiffs were being appropriately compensated and that the off-set was being accomplished, if it kept less than accurate records. The defendant's failure to maintain complete and accurate records of hours worked is probative of an absence of good faith. See Donovan v. Kentwood Development Co., 549 F. Supp. 480, 490 (D. Md. 1982)("[N]o 'good faith' defense that excuses violation of the record keeping provisions of the Act.")

The defendant's lack of good faith is further evidenced by its failure to compensate the plaintiffs for roll call time on those occasions that they did not receive all or part of their meal breaks. Even if the defendant honestly believed that meal breaks could be set-off against roll call time, it should have kept complete records, as required by the FLSA, so that it could make adjustments to the plaintiffs' pay if and when they did not receive sufficient breaks to off-set the time spent in roll call. The fact that such records were not kept and such adjustments were not made is evidence of an absence of good faith.

IV. <u>Conclusion</u>

For the above-stated reasons, this Court finds that the defendant has not satisfied its plain and substantial burden of establishing the good faith defense. Accordingly, the plaintiffs' motion for a liquidated damages award under the FLSA for opt-in plaintiffs still employed by the defendant is GRANTED. Pursuant to 29 U.S.C. § 216, the 18 opt-in plaintiffs who are still employed by the defendant are entitled to an award of liquidated damages, the amount of which has been stipulated to by the parties in their proposed agreed final judgment order. Having now resolved the issue of the application of the good faith defense to an award of liquidated damages under the FLSA in this case, this Court finds that it is appropriate to enter the parties' agreed final judgment order. Because paragraph 8 of the agreed final judgment order comports with this Court's ruling on the application of the good faith defense, the order will be entered with only one modification and one addition.[1] The agreed judgment order will be entered by separate order and will dismiss this case from the active docket of this Court.

IT IS SO ORDERED.

---

[1] Specifically, by agreement of the parties at a status conference held before this Court on March 22, 2007, the words "without prejudice" will be struck from paragraph 1 of the agreed final judgment order. Additionally, the Court has entered the amount of attorney's fees and costs previously awarded by this Court's order dated September 19, 2007 (Docket No. 111).

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Under Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment in this matter pursuant to the agreed final judgment order, which will be entered separately.

DATED:     September 26, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE